AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

| LODGED<br>CLERK, U.S. DISTRICT COURT<br><br>5/19/21<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___JBB___ DEPUTY |

# UNITED STATES DISTRICT COURT
for the
Central District of California

| FILED<br>CLERK, U.S. DISTRICT COURT<br><br>May 19, 2021<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___VM___ DEPUTY |

United States of America

v.

JUAN FIGUEROA,

Defendant.

Case No.   2:21-mj-02483

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of March 28, 2021, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts: *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Minerva Bolivar
Complainant's signature

Minerva Bolivar, Deportation Officer
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  May 19, 2021

Judge's signature

City and state:  Los Angeles, California

Michael R. Wilner, U.S.M.J.
Printed name and title

SAUSA: M. Chan

**AFFIDAVIT**

I, Minerva Bolivar, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against JUAN FIGUEROA ("FIGUEROA"), charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER MINERVA BOLIVAR

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 2009. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about March 28, 2021, the Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint that FIGUEROA, a previously deported criminal alien, was arrested by the Los Angeles Police Department ("LAPD") in Los Angeles, California. On or about that same day, ICE lodged a DHS Immigration Detainer with LAPD.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by the legacy Immigration and Naturalization Service ("INS") or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or about April 23, 2021, I obtained and reviewed the DHS A-File A205-714-241, which is maintained for the subject alien "JUAN FIGUEROA." The A-File contained the following documents and information:

   a. Photographs of the subject alien to whom DHS A-File A205-714-241 corresponds. I compared the photographs in the A-File to photographs taken at the time of FIGUEROA's booking into LAPD custody on or about March 28, 2021. I thus determined that DHS A-File A205-714-241 and its contents correspond to FIGUEROA.

   b. One executed Warrant of Removal/Deportation indicating that FIGUEROA was officially removed from the United

States on or about August 6, 2019.  I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrant of Removal in FIGUEROA's DHS A-File contains a photograph, signature, and fingerprint.

        c.   A certified conviction record showing that FIGUEROA was convicted, on or about June 10, 2013, of Assault with a Semiautomatic Firearm, in violation of California Penal Code Section 245(b), with an enhancement for Possession of a Firearm in the Commission of a Felony, under California Penal Code Section 12022(a)(1), and Commission of a Serious Felony in Furtherance of a Street Gang, under California Penal Code Section 186.22(b)(1)(B), in the Superior Court of the State of California, County of Los Angeles, Case Number PA073738-02, for which FIGUEROA was sentenced to a total of 15 years' imprisonment.

        d.   Various documents, in addition to the Notice of Intent to Issue a Final Administrative Removal Order, indicating that FIGUEROA is a native and citizen of Mexico.  These documents include: (i) a Final Administrative Removal Order dated August 6, 2019 ordering FIGUEROA removed to Mexico; and (ii) a Record of Deportable/Inadmissible Alien (Form I-213) which states FIGUEROA is a citizen and national of Mexico.

        e.   On or about March 31, 2021, I reviewed the printouts of the Interstate Identification Index ("III").  Based

3

on my training and experience, I know that the III database tracks and records arrests and convictions of individuals according to an individual's FBI number. The III printouts confirmed that FIGUEROA had been convicted of the crime reflected on the document contained in FIGUEROA's DHS A-File.

    7. On or about April 5, 2021, I reviewed the printouts of ICE computer indices on FIGUEROA. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that FIGUEROA had been removed, deported, and/or excluded on or about the date indicated on the Warrant of Removal/Deportation found in FIGUEROA's DHS A-File. The ICE computer indices further indicated that FIGUEROA had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

    8. Based on my review of FIGUEROA's DHS A-File, I determined that it does not contain any record of him ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in FIGUEROA's DHS A-File.

## IV. CONCLUSION

9. For the reasons described above, there is probable cause to believe that JUAN FIGUEROA has committed a violation of Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this  19th  day of  May , 2021.

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE